[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATE OF CONNECTICUT v. JAMAAR McKNIGHT
 Date of Sentence February 2, 1996 Date of Application undated Date Application Filed February 26, 1996 Date of Decision April 23, 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Docket No. CR94-0100013
Sarah Summons Defense Counsel, for Petitioner
Joseph Corradino Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION
Following a trial by jury the petitioner was convicted of murder (§§ 53a-54a) and sentenced to a term of 32 years. McKnight was 21 years old at the time.
The factual bases for the conviction is summarized as follows: (SeeState v. McKnight, 47 Conn. App. 665-66 (1998). CT Page 6763
 On the morning of August 1, 1993, at the Marina Village apartments in Bridgeport, Sadie Harp told a neighbor, Samantha Henderson, that she was angry with her former boyfriend, Fernandez Jackson, and was going to have her cousins, the defendant and Akida McKnight, kill him. Shortly thereafter, a friend of Harp's, George Wright, drove Harp to the McKnights' home on Lafayette Street in Bridgeport. Harp later left with Akida McKnight and the defendant.
 Wright drove Harp and the McKnights back to an area in Marina Village where Jackson might be found. They located Jackson, who was outside conversing with Derrick Colson and Ronald Reed. Wright dropped off the passengers a short distance from where Jackson was standing. Colson observed that the defendant was brandishing a gun and warned Jackson to run. Harp tried to prevent the defendant from shooting Jackson by grabbing his arm, but the defendant pushed her away. The defendant fired eight or nine shots at Jackson, causing his death.
Defense counsel asks the Division to consider reducing the sentence to the minimum of 25 years. In her remarks she stated the sentencing court exhibited racial bias against the Afro-American petitioner when it stated it was sick and tried of you people running around the street . . ., (emphasis added). The claim of racial bias is a serious and highly sensitive charge in our society. On careful review of the transcript, it appears clear to this panel that when the comment is considered in context it was not a disparaging racial comment.
After asking "Is that what our society has come to? . . . that you and your brother can march down the street with a .357 or whatever and kill somebody because someone else had a dispute? Is that what these young minds think is okay? It is all right to do this in our community?" the Court then went on to say, "this is the city we all live in and we are sick and tired of violence. The people are; not me, not a white Anglo-Saxon judge. The entire society is sick and tired of you people running around the street, taking, giving, snorting, smoking; you have no occupation; you do nothing to contribute to the welfare of your existence; you don't have a job, not inclined to even look and find one; and yet spending money that you don't have. Where do you get it from?" "This is my block."
The Court explicitly included the entire Community (which would CT Page 6764 obviously include the Afro-American community) as being sick and tired of violence. And it is quite clear that "you people' is a reference to those who commit violence and contribute little or nothing to the community.
It is also clear that the petitioner was very fairly treated at his sentencing, which refutes counsel's unwarranted allegation.
He was found guilty of an execution type of murder, shooting the victim in the back multiple times as he was running away. He exhibited no remorse or acceptance of responsibility, yet received a sentence substantially less than the maximum, and substantially less than the State requested.
Reviewing the sentence pursuant to § 43-28 of the Practice Book, it is neither inappropriate nor disproportionate. It is affirmed.
___________________
___________________
___________________
Klaczak, Norko and Miano, J's, participated in this decision.